Case number 16-1550 MAG IAS Holdings Inc v. Rainer Schmuckle Oral arguments not to exceed 15 minutes per side Mr. William Kavanaugh for the appellants May it please the court, Bill Kavanaugh on behalf of the appellants Your Honor, I have reserved three minutes for rebuttal The plaintiff's complaint and the two supporting declarations set forth a prima facie case for specific jurisdiction under the Michigan Long-Arm Statute and governing due process precedent District Court agreed that there was no dispute that the defendant had transacted business in Michigan under the Long-Arm Statute but found that there was not sufficient contact or connection to the state in order to find it to satisfy due process However, the trial record, the affidavits and the complaint demonstrate that the defendant's suit-related conduct had a substantial connection with Michigan and it was the defendant himself who created that relationship by virtue of his travel and interaction with MAG Automotive in Michigan For example, as set forth in the complaint Can I start you with one part of the complaint? I will say, when I read the complaint I thought it read as if you were doing a general jurisdiction approach You know, you were trying to add up all the contacts and say there's enough here that it doesn't matter the nature of the cause of action And of course it sounds like we're now having a debate about specific jurisdiction We are, Your Honor Which is what the parties have joined But you know, if I look at jurisdiction and venue which is on page 4, paragraph 8 I guess I'm... Why isn't that insufficient to look at that and then when you look at everything else You say transacted business within the state of Michigan You don't say transacted business within the state of Michigan And this complaint grew out of this phone call or that phone call And then you have the next one which seems completely defeated by Walden You know, actions in some places led to consequences in Michigan I thought, you know, Walden doesn't do much help you much for that second one Your Honor, I think Walden is a good example of why this case is dissimilar from Walden No, do you understand? I'm making a slightly different point I'm not saying I want to hear an argument about Walden Because I don't think that's what you're really arguing I'm making the point that what you're arguing on appeal doesn't really match up with the complaint The complaint reads like a general jurisdiction and it seems like it's pled that way just given what I just read Your Honor, I believe it may well have been pled as general jurisdiction but if you look at the factual allegations in the complaint and you look at the affidavits they do demonstrate specific jurisdiction So you have one case where maybe it's the horse case where there's a phone call in Tennessee the defendant never appears in Tennessee but in the phone call there's a lie during the phone call about the value of the horse, I'm not sure but the key point is the cause of action fairly grows out of something that happened in that phone call which was directed to Tennessee so I'm like, okay, good that's good specific jurisdiction Where's that phone call here? How do you say that the business trips the cause of action grew out of this or that business trip or that phone call? If you look at the complaint and the two declarations So just tell me where in the complaint to go If you go to paragraph 21 there's the allegation that he directed MAG Automotive to share work with MAG Germany If you look at And you would say that's part of the complaint Yes It's bad to share work between two subs? Because he was exercising control as the de facto CEO of MAG Automotive and if you look at the DUDEC declaration in paragraph 7 and the PRENA declaration at paragraph 7 it states that the defendant came to Michigan in December of 2014 He announced he was in charge of MAG Automotive and that they would Mr. DUDEC and Mr. PRENA would report directly to him and the allegation is that he from that point on essentially functioned as the de facto CEO of that Michigan company Mr. PRENA in his declaration says that the defendant initiated emails and telephone calls to MAG USA three to four times a week This is back to general jurisdiction But it's not your honor because if you look at both if you look at the complaint in paragraph 20 paragraph 23 they the defendant implemented intercompany So 23, I do want to ask the other side about that one You're saying that is part of the fiduciary breach Yes requiring 1.5 million euros to come from of course I don't know how Michigan had any euros but anyway I assume it was essentially 1.5 million in euros go from Michigan to Germany And also directing in paragraph 21 the directing that MAG Just so I understand that's part of just because that happened doesn't make it illegal So that's part of the fraud That's a fraud That is part of the breach of his fiduciary duty his duty of loyalty The theory your honor is that if you look at the complaint in paragraph 77 and 81 there is the allegation that the defendant damaged MAG's US business and its reputation and he did so by virtue of such things as directing taking work away from MAG Michigan and sending it to MAG Germany He did it by imposing this administrative fee He did it by implementing intercompany pricing which required MAG Michigan to raise its prices Now all of this is part of his overall breach of his professional obligations which gives rise to the negligence claim and to his duty of loyalty because essentially what he was doing is he was taking money out of the crown jewel which was MAG Michigan and putting it in MAG Germany and essentially that undermined the entire value of the overall MAG group That was part of we allege his effort to try to get a majority sale which was in his which was in his unique interest I'm getting that idea so how about on the form selection clause the employment agreement so what would be the answer to this case if the employment agreement is only signed by the defendant in MAG Germany so just hypothetically that's all there is so he doesn't get guarantees from MAG International MAG US no one else signs it it clearly has a Germany is where we do the employment dispute litigation wouldn't you say in that setting it's true there'd be nothing quote binding MAG US or MAG International whatever they are but wouldn't you say because they're related companies that Germany is the right place that would be my first instinct so just pretend the other stuff doesn't exist think about it as just a straight up employment contract between how do you pronounce it Schmokey Schmukler Schmukler and MAG Germany we have not found a case where I take their argument that these are closely related companies but what makes this case different your honor is you have an entity MAG Holdings Inc which expressly refused to be bound to the form selection clause that's why I asked the question the way I did I don't think they I think they expressly decided to have this was in favor of the individual he needed to make sure there were the right resources to back up the guarantees of how much money he'd make well then if that were true then you would have them agree to the entire contract but they only agreed to two provisions but counsel if you look at the the contract itself it seems to me that there are provisions in there that clearly apply to MAG Holdings that are not in 2 and 5 that really he was agreeing to be bound by those two because they were affirmative obligations yet there are covenants in here that that clearly apply to MAG Holdings but because of their nature MAG Holdings did there is a reference in paragraph 14 to MAG Holdings agreeing to the limitations period okay what about what about number 11 concerning secrecy I mean that clearly applies to MAG Holdings MAG Holdings did not agree to that your honor I mean I think the court has to take a we drafted this just real quickly we drafted it I don't know the answer to that your honor on rebuttal I will see if my co-counsel knows the answer it's kind of an odd thing I mean I've not I've not I've not seen anything exactly like this previously where you had this language with the at the place the parties are to sign that seems to limit what MAG Holdings is agreeing to and it's just very very odd you would think that you might go about that in another way like a separate agreement with the undertakings and not having a single document that it seems like you could almost have predicted some degree of trouble arising out of it I understand you don't take the responsibility for drafting it it just seems odd to me I take your point your honor but I do think the court should take at face value the fact that MAG Holdings did sign this agreement but they signed it in a limited capacity I'm well aware that we don't have before us any issue that would call us to consider the oddness of the agreement I can't think of an issue that's relevant to and I would make the point that as to the employment agreement and as to the dueling declarations and affidavits that exist here because to the extent that we've alleged that the defendant was calling was operating the business as de facto CEO and calling three to four times a week he disputes that but given the way the district court approached this in making rulings simply based on the declaration our burden is relatively slight here and we are given the benefit of the inferences here but if the district court as we believe it did for example when it dealt with the defendant's refusal to look at a minority sale or minority investment the district court said well the Michigan people had nothing to do with that that is expressly refuted by the declaration of Mr. Prina and Mr. Dudek who said they were involved your time is up thank you Mr. Newman thank you good afternoon Dave Newman with Hogan Levels excuse me representing Mr. Shmukla may it please the court your honor this is a case by two Delaware companies neither is a Michigan resident against Mr. Shmukla a resident and citizen of Germany the plaintiffs allege that he breached his duties as CEO of the MAG group is there any state where this lawsuit could have been filed by them it could certainly have been brought in in Germany in the United States the lead plaintiff MAG Holdings resides in Florida we don't think that the mere residence in Florida is a sufficient basis for bringing jurisdiction there but would there have been a better state in the United States to bring this case than Michigan well certainly there must be because it doesn't survive in Michigan no but I mean part of the reason we're asking these questions is trying to figure out what your position is are you saying there's only one place this can go it's Germany or is there another state that it would be fair, reasonable under all the law to bring this lawsuit in the U.S. we do not believe so your honor this contract was clearly directed to Germany it was entered into in Germany it provided there's actually no record evidence of that your honor and of course the plaintiffs had an opportunity to seek discovery on that issue and other issues but they didn't take it so all we have is a mutually agreed contract between the parties certainly the complaint and also the two affidavits that are offered in support of it and at times provide more detail about your client's alleged activities together they don't have to meet a very high burden to let this case go forward at this point in time correct well the burden is significant they have to meet each of the three elements of specific jurisdiction and they clearly have but it's not a burden it's not the same sort of burden that they would have to meet after discovery it's not the same sort of burden they would have to meet after a full evidentiary hearing the posture's different and accordingly the case law treats the burden differently that's true your honor but I will point your honor to international technology consultants where the court pointed out the proposition you've just made loses some of its significance when as in the case at bar the plaintiff has received all the discovery it sought with respect to personal jurisdiction which here is none and there does not appear to be any real dispute over the facts relating to jurisdiction there were some disagreements would you rather not be given if we don't agree with your position in this case would you prefer that we resolve the jurisdictional issue for once and for all wouldn't you prefer an opportunity to continue to contest it later on and if this is it and this is all that's needed I don't see why we shouldn't decide the issue once and for all well your honor that really can't be your position certainly we'd rather not lose but I believe I believe the reality of the way this works is if they establish a prima facie case the defense still survives on remand and we would have a full and fair opportunity to litigate it well you just I just understood you to tell me there isn't anything else that could be brought to bear on the issue well we don't think that the plaintiffs could bring anything else to bear on the issue no discovery was sought but we've asserted the defense in the case and if the determination is that they've satisfied a factual prima facie case I think we would have the opportunity to to dispute it but let me go back to the first point about whether there's an appropriate jurisdiction what's unique about this case is that neither of the plaintiffs resides in the forum in virtually all of the cases on which plaintiffs rely the plaintiff was a forum resident and the business relationship arose from a contract entered into with that forum plaintiff so the plaintiffs would be that would have a little more meaning if you agreed that there was a state in the country where they could sue your client I think they would have an easier road to hoe just by getting over that hurdle in Delaware, Florida? well Delaware was the place of incorporation but I think we would have the ability to contest jurisdiction in either of those places and if I might, your honor the reason is this in a contractual setting the courts are quite clear that you don't pick jurisdictional contacts in isolation you have to look at the overall contractual relationship that's clear from Burger King that's clear from this court's decision in Keflavon I'll try to be specific about it and give you a chance to respond to what your friends on the other side said when I said this looks like a general jurisdiction complaint it's not very well pleaded when it comes to a specific jurisdiction they had two answers which I think they're fair, right? one of them is work share required employees from Michigan to go to Germany and the second was 1.5 million euros goes from Michigan to Germany and that's all part of the fiduciary breach so why isn't that like the horse case where you call into Tennessee you lie about the value of the horse and that's enough to be sued in Tennessee to sue in Tennessee Your Honor, the reason for that is that's simply not the claim that is pled the claim that is pled is a claim as the district court found about misconduct in connection with the sale of this overall business the plaintiffs didn't plead the case you're referring to for a very good reason the injured party isn't here MAG Automotive is not a plaintiff in this case they sold MAG Automotive so they obviously decided we cannot sue for damages caused to MAG Automotive instead, Your Honor, what they did was they just to make sure I'm following this I think I get it but I mean if part of the fiduciary breach is driving a company you know into bankruptcy in order to profit a German sub doesn't that fit with the ultimate value of the sale they got which is lower than it would have if you hadn't driven the Michigan sub into bankruptcy I mean, why doesn't that fit together? Well, first of all, Your Honor it's simply not a claim that's alleged on this complaint I think fairly read but further, Your Honor it's inconsistent with the plaintiff's entire theory the plaintiff's entire theory is that this operates as a single company the plaintiffs own the whole thing they're arguing that as a result of Mr. Schmuckle's effort to undermine minority investment opportunities the company as a whole suffered transferring funds or work between two entities does not logically affect the value  the other major problem I think you have, Your Honor is that these so-called directives were issued by Mr. Schmuckle in his capacity as the global CEO this is the kind of work that international executives do every day making decisions about funds going between companies I think you give some of the underlying part of what the causes of action are predicated upon I think you're giving them somewhat short shrift the whole notion is that in order to profit personally he chose certain things to do as opposed to certain other financing options that might have been pursued and that he was structuring it in such a way to benefit himself primarily and all the different causes of action grow out of that allegation I believe and you're sort of overlooking the part of that whole argument that deals to choosing one thing to do instead of another Your Honor, I think there's a big difference between those two allegations those two sets of allegations because when you're evaluating the arising from requirement you look at the gravamen of the complaint the overall causes of action and the overall causes of action are all about the misconduct you just described misconduct relating to the sales process that happened, it's undisputed, in Germany involving German advisors investment companies outside of Michigan the incidental connections with Michigan have nothing to do as the district court found with that sales process But it's not being alleged in a vacuum part of that self-dealing or that breach of fiduciary duty it wasn't just the actual sale it was devaluing the Michigan company intentionally I don't know how you separate those two Your Honor, I think it's very we have to be careful to look at what is actually alleged in this complaint look at the allegations there's no suggestion even in the supporting affidavits by Mr. Prina that there was anything wrong with what Mr. Shmukla allegedly did they agreed to pay him his fee so even if the fee was whether the fee was paid from funds of MAG Michigan or MAG Germany I get the sense that you're characterizing ultimate issues in the case as jurisdictional facts That's not my intention, Your Honor I'm really just relying on the allegations as pleaded in the complaint One final point I'd just like to make is that for these types of out-of-state directives to make to provide a basis for jurisdiction they have to form the heart of the action That's what Neal v. Janssen says There's no allegation that Mr. Shmukla did these things in Michigan They're based on communications from out of the state and so the allegations really have to form the heart of the action Again, this case is not about those two incidental interactions with MAG Michigan which is not a plaintiff and look at the Prina affidavit he describes what happened and doesn't say it was wrongful doesn't say it harmed the Michigan entity and again, the Michigan entity is not a plaintiff here Now, I do want to turn to the questions about the contract and the forum selection clause It's important to recognize that a German court has already ruled on the precise issues that the plaintiffs are alleging here What happened? What's the ultimate? Is there an appeal still? No, it is on appeal So the lower court ruled in Germany and we've submitted that we've asked to complete the record I thought that the issue before the German court was whether he was terminated in accord with the German civil code and since the contents of that are not apparent to me it's not apparent to me that the same issues arose at all Okay, well, we have submitted in the record in the case you have the parties submissions in the German proceeding There are lots of allegations in there but they include the exact same allegations here to justify Does the German civil code recognize fiduciary breach? I believe we have a case site for the proposition that a breach of fiduciary claim that Germany is the proper venue for or adequate forum for a breach of fiduciary They recognize that tenant of law German law allows plaintiffs injured by a fiduciary breach to sue and collect That's the question Your Honor, I apologize for the delay If you don't know, you can certainly say so Yeah, I just want to get the case site Do you have that? Okay Yes The case we've cited in our brief is Loney v. E.I. DuPont Nemours page 38 of our brief holding that German courts provide ample redress Well, this finds the German courts are an adequate forum for claims of breach of fiduciary duty I don't know have more details on what remedies are provided beyond that I don't know But just to finish that point in the German we've moved to add the German verdict to the record and the key point is simply that the court there rejects the theory that Mr. Schmuckle acted in his own self-interest in advancing a complete majority sale of the companies and rejects all the other grounds on which MAG Germany relied to justify terminating This is really an effort And in that action both the German company and the holding company were defendants? Only MAG Germany is a party in that action but it's undisputed on the record in this case that the common shareholder Moshe Maidar who's also not a Michigan resident No, but if there was a defense asserted that had to do with breach of fiduciary duty it would have been the duty to the German company not the holding company Well, MAG Germany specifically reserved the right to assert those claims but the plaintiffs aren't distinguishing here between who owed duties in which direction They're arguing that this was that Mr. Schmuckle's duties as managing director of MAG Germany extend to the MAG group as a whole and they're making the same claims of wrongdoing in that case that they are here What's your best case on the related company point dealing with the reality that MAG US whatever doesn't sign they only sign as to paragraphs 2 and 5 Right not as to 15 and the question is okay, let's just forget that for a second are they sufficiently related companies for that to be either relevant or effectively binding? Your Honor, I think we acknowledge that we do not have a case where on facts like this one but the point is if the closely related standard applies anywhere the case we cite is on page 5051 is Hitachi Medical Systems quoting the Sixth Circuit's decision in Baker v. LaBeouf If it doesn't work here where you have a common majority shareholder who signed the same contract it doesn't work anywhere I think the question was what's the best case I think you told us Thank you If the contract is ambiguous on that issue would you have parole evidence? Well, we don't think it is ambiguous because the plaintiffs have conceded that they're actually bound by Article 14 in their apply brief which is not one of the two articles that appear over their signature They've acknowledged that the statute of limitations enforcement provision is binding on that That does away with their theory that they're not bound by the contractual enforcement limitations we believe Okay, so if it is again, assuming that it is ambiguous would you have parole evidence? If it's ambiguous if it's determined to be ambiguous I believe extrinsic evidence as to the party's intents probably would be admissible but of course the plaintiffs had the opportunity to seek discovery on that That's my last question Exactly what happened I mean, when you say they had an opportunity to request discovery did the judge enter an order that said that okay, all discovery on jurisdiction has to be done by a particular date or exactly what happened? No, on the contrary the parties agreed that they would that the initial briefing on the motion to dismiss would take place without discovery So what the plaintiffs would have had to do if they wanted to seek discovery was in opposition to our motion say we need to take some discovery on these issues before Your Honor rules Okay Mr. Kavanaugh Thank you, Your Honor Judge White, let me start with your question regarding procedure What happened was we put into declarations which we believe demonstrated a prima facie case To the extent there is any dispute between the two declarations for example, as to Mr. Shmokla's handling of the minority interest issue he said we had no involvement our declarants say we did have involvement Once there is that type of dispute the district court should require discovery or hold an evidentiary hearing That's the law in this circuit Counsel said that neither of the plaintiffs are based in Michigan That's simply incorrect Paragraph 11 MAG Holdings, USA Its principal place of business is Michigan Are you referring to MAG Automotive? No One of the two plaintiffs in this case MAG USA Holding is a Delaware corporation Its principal place of business is Michigan Its sole asset is MAG Automotive also of Michigan Let me respond to his point MAG Automotive was allegedly the victim of some of this stuff but MAG Automotive is not a plaintiff because MAG Automotive doesn't exist but the essence of the allegations is fiduciary breach as to the whole holding company so who cares about things that were happening to subs I mean it is zero sum Everyone agrees with that Well, it's not really zero sum because if you drive down what he did was drive down the value of MAG Automotive in Michigan It's the benefit of MAG Germany No, because MAG Our theory is MAG Germany was a black hole Putting assets and funds into that was imprudent on his part and drove down the overall value What should have been done is kept up Whether it's an anxiety that applies now as we're deciding what to do or if it happens to be remanded on remand One problem I have with your theory of the case is I just don't understand a CEO that runs an international company how they can't be sued just about anywhere where there's business because at your level of generality about fiduciary breach it's always having consequences CEOs are on the phone emailing with everybody and one thing that seems a little unfair in this case is you've got the individual who has no other resources There are no shareholders behind this individual to help deal with the expenses of flying back and forth and the company has a lot of resources and that's troubling to me Your Honor, I think our allegations here go further than just a CEO of an overall global operation because what we say is that he was on the phone three or four times driving down the value of the company where can you say that's not true when the value of the company goes down? We believe his steps did drive down the value but he was functioning as the de facto CEO because of the three to four calls a week the daily emails all of that That's what CEOs of international companies do to all their divisions every day Your Honor, I would respectfully disagree Sometimes the decisions work sometimes they don't work When it's time to leave they can be sued wherever one of the subs does business What is the difference between what you're saying and what Judge Sutton's saying? You have somebody who's he's a global CEO he's actively involved in being the executive over everything meaning that several times a week he calls the people on the ground in these various subsidiaries and gives them directions and instructions and whatever else so you're saying that person having undertaken to do that can be sued in any of these venues? I think if the contacts are sufficient here and he is intimately involved in the day-to-day operation of that business which is what we've alleged Yes, if he is functioning truly as a global CEO and his subsidiaries are operating appropriately Can I just hear the answer? If they're operating appropriately then there's a sufficient degree of separation between the two such that the global CEO would not be subject to jurisdiction Then I don't understand the difference What is the difference? It's a degree of involvement, Your Honor and in this instance our allegation is that he was engaging in self-dealing He breached his duty of loyalty because he was putting his interests over the interests of MAG Automotive Can I ask one question about it? We can describe him as a global CEO all we want to but is there any two places he's operating other than Michigan and Germany? There was a MAG Asia operation I don't know anything about the degree of his involvement with that Why did they go to Florida? What was Florida? For some reason I thought Florida had something to do with it The ultimate owner if you go parent to parent to parent is in Florida Professor Mitre or whatever? The individual? Mr. Madar All right We appreciate the argument both of you have given and we'll consider the case carefully Thank you The court may adjourn This honorable court is now adjourned